NO. 07-10-00141-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JULY
30, 2010

 



 

JAMES SCOT THOMAS, APPELLANT

 

v.

 

HECTOR ORTIZ, ET AL, APPELLEE 



 



 

 FROM THE 278TH DISTRICT COURT OF WALKER
COUNTY;

 

NO. 23,855; HONORABLE KENNETH H. KEELING, JUDGE



 



 

Before CAMPBELL
and HANCOCK, JJ., and BOYD, S.J.[1]

 

 

MEMORANDUM OPINION

 

Appellant James Scot Thomas,
appearing pro se, filed a notice of
appeal from an order dismissing his civil suit for failure to comply with
Chapter Fourteen of the Civil Practice and Remedies Code.  Tex. Civ. Prac. & Rem. Code Ann. §§
14.001-14.014 (Vernon 2002). 
Notice of appeal was timely filed. 
The reporter’s record and clerk’s record were filed and Thomas’s brief
was due June 16, 2010.  Neither the brief
nor a motion for extension of time to file the brief was filed by that date.

By letter of June 28, 2010, we
notified Thomas his brief was past due. 
The letter further notified Thomas his appeal was subject to dismissal
for want of prosecution unless his brief, accompanied by a motion for extension
of time, was filed by July 8, 2010. 
Thomas has not filed his brief or a motion for extension of time.

An appellate court may dismiss a
civil appeal for want of prosecution if an appellant fails to timely file a
brief unless the appellant reasonably explains the failure and the appellee is not significantly injured by the failure. Tex.
R. App. P. 38.8(a)(1). 
On its own motion, with ten days notice to the parties, an appellate
court may dismiss a civil appeal for want of prosecution.  Tex. R. App. P. 42.3(b).  

Thomas has not filed a brief or a
motion for extension by the date specified, despite notice that failure to do
so would subject the appeal to dismissal. 
Accordingly, we dismiss Thomas’s appeal for want of prosecution.  See
Tex. R. App. P. 38.8(a)(1); 42.3(b).

 

James T. Campbell

Justice 

 

            











[1] John T. Boyd, Chief Justice (Ret.),
Seventh Court of Appeals, sitting by assignment.








tyle='mso-spacerun:yes'> 
Counsel discusses the applicable law and sets forth the reasons she
believes no arguably meritorious issues for appeal exist.  Counsel certifies that a copy of the Anders brief and her motion to withdraw
were served on appellant, and counsel advised appellant of his right to review
the record and file a pro se
response.  Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. refused).  By letter, this Court also notified appellant
of his opportunity to submit a response to the Anders brief and motion to withdraw filed by his counsel.  Appellant did not file a response.

In conformity with the standards set
out by the United States Supreme Court, we will not rule on the motion to
withdraw until we have independently examined the record in each matter.  Nichols
v. State, 954 S.W.2d 83, 86 (Tex.App.--San
Antonio 1997, no pet.).  If we determine
the appeal has arguable merit, we will remand it to the trial court for
appointment of new counsel.  Stafford v. State, 813
S.W.2d 503, 511 (Tex.Crim.App.1991).

By the Anders brief, counsel raises grounds that could possibly support an
appeal, but explains why none show reversible error.  She concludes the appeal is frivolous.  We have reviewed each ground and made an
independent review of the entire record to determine whether arguable grounds supporting
an appeal exist.  See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).  We find no arguable grounds
supporting a claim of reversible error, and agree with counsel that the appeal
is frivolous.

Accordingly, we grant counsel’s
motion to withdraw[3]
and affirm the judgment of the trial court.

 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not
publish.

 

 

 











[1] 
See Tex. Penal Code Ann. §
22.02(a)(1) (West Supp. 2010).  Aggravated assault is a second degree felony
except when charged on grounds not alleged here it is a first degree
felony.  See Tex. Penal Code Ann. § 22.02(b) (West Supp. 2010).  A second degree felony is punishable by
confinement for any term of not more than 20 years or less than 2 years and a
fine not to exceed $10,000.  Tex. Penal Code Ann. § 12.33 (West Supp. 2010).  A conviction under § 22.02(a) predicated on
the violation of sub-paragraph (1) requires proof of “serious bodily injury.”  “Serious bodily injury” means “bodily injury
that creates a substantial risk of death or that causes death, serious
permanent disfigurement, or protracted loss or impairment of the function of
any bodily member or organ.”  Tex. Penal
Code Ann. § 1.07(a)(46) (West Supp. 2010).





[2] Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967); see In re Schulman,
252 S.W.3d 403 (Tex.Crim.App. 2008).

 





[3] Counsel shall, within five days
after the opinion is handed down, send her client a copy of the opinion and
judgment, along with notification of the defendant's right to file a pro se
petition for discretionary review. Tex. R. App. P. 48.4.